IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUIL SYDER,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3856 |
| | : | |
| PHILADELPHIA INDUSTRIAL<br>CORRECTIONAL CENTER, *et al.*,<br>    Defendants. | :<br>:<br>: | |

## ORDER

AND NOW, this 20th day of December, 2022, upon consideration of Plaintiff Aquil Syder's Motion to Proceed *In Forma Pauperis* (Doc. No. 5), his Prisoner Trust Fund Account Statement (Doc. No. 6), and his *pro se* Complaint (Doc. No. 2), it is **ORDERED** that:

1.  The Clerk of Court is **DIRECTED** to correct the spelling of Syder's last name on the docket. Additionally, the Clerk of Court is **DIRECTED** to correct the docket to add as named Defendants "Unknown Deputy Warden" and "Unknown Superintendent."

2.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

3.  Aquil Syder, QK-5294, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Dallas or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Syder's inmate account; or (b) the average monthly balance in Syder's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Syder's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to Syder's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI Dallas.

5. The Complaint is **DEEMED** filed.

6. For the reasons stated in the Court's Memorandum, all claims asserted against Philadelphia Industrial Correctional Center (PICC), Philadelphia Prison System, and "Unknown Superintendent" are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. The Clerk of Court is **DIRECTED** to **TERMINATE** Philadelphia Industrial Correctional Center (PICC), Philadelphia Prison System, and the "Unknown Superintendent" as Defendants in this case.

8. For the reasons stated in the Court's Memorandum, pursuant to 28 U.S.C. § 915(e)(2)(B)(ii):

   A. All claims based on the handling of prison grievances are **DISMISSED WITH PREJUDICE**.

   B. Syder's official capacity/*Monell* claims and conditions of confinement and deliberate indifference to serious medical needs claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

9. Syder may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint and shall state the basis for Syder's

claims against each defendant. The amended complaint must also provide as much identifying information for the defendants as possible. Syder may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case. The amended complaint shall be a complete document that does not rely on the Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Syder should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send Syder a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Syder may use this form to file his amended complaint if he chooses to do so.[1]

11. If Syder does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . .

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12. If Syder fails to file any response to this Order, the Court will conclude that Syder intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ Karen Spencer Marston

**KAREN SPENCER MARSTON, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).