**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AQUIL SYDER,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | |
| **PHILADELPHIA INDUSTRIAL CORRECTIONAL CENTER et al.,** | **NO. 22-3856-KSM** |
| Defendants. | |

## ORDER

  **AND NOW** this 13th day of December, 2023, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, it is **ORDERED** that Plaintiff's claims against the City of Philadelphia are **DISMISSED WITHOUT PREJUDICE**.  **IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint within sixty (60) days of the date of this Order. Plaintiff may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case.  The second amended complaint shall be a complete document that does not rely on the Complaint or other papers filed in this case to state a claim.  When drafting his second amended complaint, Plaintiff should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

  If Plaintiff does not wish to further amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within sixty (60) days of the date of this Order stating that intent, at which time the Court will issue a

final order dismissing the case against the City of Philadelphia.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

If Plaintiff fails to file any response to this Order, the Court will conclude that Plaintiff intends to stand on his Amended Complaint and will issue a final order dismissing this case as filed against Defendant City of Philadelphia.[1]  *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

**KAREN SPENCER MARSTON, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).